UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

DIRECTV, INC.

      Plaintiff,

v.                 **ORDER**
                    04-CV-234S

ROBYN JANIK,

      Defendants.

  1. Plaintiff instituted this action on May 22, 2003, alleging that the named defendants purchased, received and used various devices to illegally intercept its satellite television services.[1]  This Court referred this matter to the Honorable Hugh B. Scott, United States Magistrate Judge, on July 8, 2003.

  2. On December 22, 2004, Judge Scott filed a Report and Recommendation recommending that Plaintiff's Motion for Sanctions and for Expenses pursuant to Rule 37 be granted, that Defendant's Answer be stricken, and that default judgment be entered against Defendant.

  3. No objections to the Report and Recommendation were received from either party within ten (10) days from the date of its service, in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.3(a)(3).  On January 14, 2005, Plaintiff filed a Motion for an Order Adopting Judge Scott's Report and Recommendation.

  4. "A district court may impose sanctions when 'a party . . . fails to obey an order to provide or permit discovery.'"  <u>Burns v. Imagine Films Entm't, Inc.</u>, 164 F.R.D. 594,

---

[1] Defendant was originally sued in a case captioned <u>DirecTV, Inc. v. Irving Meyers, et al.</u>, 03-CV-401S.  The instant case was created after this Court's severance order.

598 (W.D.N.Y. 1996) (quoting FED. R. CIV. P. 37(b)). Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including striking pleadings, on parties who fail to adhere to discovery orders. See Friends of Animals, Inc. v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (per curiam); see also Jones v. J.C. Penney's Dep't Stores, Inc., 228 F.R.D. 190, 195 (W.D.N.Y. 2005); JSC Foreign Econ. Ass'n. Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03 Civ. 5562, 2005 WL 1958361, at *9 (S.D.N.Y. Aug. 16, 2005). Drastic remedies under Rule 37 are to be reserved only for extreme circumstances, such as "where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (and cases cited therein).

5.   In this Court's view, striking Defendant's Answer in this case is too drastic a remedy in light of the uncertainty of Defendant's legal representation. It cannot be said that Defendant's failure to engage in discovery was willful, done in bad faith, or even his fault. Defendant is represented by attorney Stephanie Cole, who has also undertaken the representation of numerous others in this series of cases brought by Plaintiff. Ms. Cole has appeared in this action on Defendant's behalf and filed a Motion to Dismiss earlier in this case. While the Report and Recommendation states that Ms. Cole "indicated that she did not represent defendant," Ms. Cole has not sought this Court's permission to be relieved of her duty. Pursuant to Local Rule 83.2 (c), an attorney who has appeared as attorney of record may withdraw by permission of the court with good cause shown.

Moreover, an attorney's withdrawal is only effective upon order of the court after service to all counsel and on the attorney's client. See Local Rule 83.2(c).

6.     To the best of this Court's understanding, Ms. Cole has never been permitted to withdraw as counsel in this case. As far as this Court is concerned, Ms. Cole is Defendant's attorney of record until this Court determines otherwise. As such, any deficiencies in discovery practices that occurred are attributable to Ms. Cole.

7.     Accordingly, for the reasons stated above, this Court will not accept Judge Scott's Report and Recommendation of December 22, 2004. Additionally, Plaintiff's motion seeking such relief will be denied.

IT HEREBY IS ORDERED, that this Court does not accept Judge Scott's December 22, 2004 Report and Recommendation (Docket No. 23).

FURTHER, that Plaintiff's Motion to Adopt Judge Scott's Report and Recommendation (Docket No. 25) is denied.

SO ORDERED.

Dated:   September 6, 2005
         Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge